IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERT H. CRANE<br>*Plaintiff* | § § § | |
| v. | § § § | |
| MARGO AND JONES, INC.,<br>AUTOWASH CORP., RNS-CRANE,<br>L.L.P., CCN SERVICES<br>CORPORATION, AND SCC<br>SERVICES CORPORATION<br>*Defendants* | § § § § § § § | CIVIL ACTION NO.: 7:21-CV-490 |
| SASHA CRANE *derivatively on*<br>*behalf of* MARGO AND JONES,<br>INC., AUTOWASH CORP., RNS-<br>CRANE, L.L.P., CCN SERVICES<br>CORPORATION, AND SCC<br>SERVICES CORPORATION<br>*Intervenor* | § § § § § § § | |

## MOTION TO REMAND

Sasha Crane, derivatively on behalf RNS-Crane, L.L.P, Margo and Jones, Inc.,
Autowash Corp., CCN Services Corporation, and SCC Services Corporation, Defendants
in the above-styled and numbered cause, files this Motion to Remand pursuant to 28 U.S.
Code §1447 and would show the Court the following:

### I.      FACTUAL AND PROCEDURAL BACKGROUND

1.      Plaintiff Robert Crane and his son, Scott Crane, were equal 50% owners
of Defendants until Scott's untimely passing on December 14, 2014, whereupon Scott
Crane's 50% interest was vested in his Estate.  The Estate transferred its ownership

interest in Defendants to Sasha Crane ("S. Crane"), Scott Crane's widow, on November 1, 2016.

2.     From the onset of her ownership, Plaintiff disallowed S. Crane any responsibilities or access to financial information. Plaintiff and Plaintiff's agents have had sole signing authority on all checking and investment accounts for each Defendant from as early as December 14, 2014.

3.     In the fall of 2020, S. Crane once again asked for access to the Defendants' financial information but was again denied that information. Instead, Plaintiff convinced S. Crane to sell the assets of Autowash Corp. and Margo and Jones Inc., although she was reluctant to agree to a sales price as she had been provided no information from Plaintiff as to Defendants' financial positions. On January 4, 2021, Plaintiff assured S. Crane that she would receive her just and equitable portion in proceeds of the sale and all of the Defendants' bank accounts. S. Crane placed her faith in Plaintiff and moved forward with the sale of the assets.

4.     S. Crane's trust in Plaintiff quickly proved to be misplaced. On February 8, 2021, without S. Crane's consent or knowledge, Plaintiff wrote himself seven separate checks totaling $380,724.08 from Margo & Jones, Inc. and Autowash Corp. accounts.

| | | | |
|---|---|---|---|
| Margo & Jones | Check No. 27664 | 2/8/2021 | $ 100,000.00 |
| Margo & Jones | Check No. 27665 | 2/8/2021 | $ 50,000.00 |
| Margo & Jones | Check No. 27666 | 2/8/2021 | $ 20,000.00 |
| Margo & Jones | Check No. 27667 | 2/8/2021 | $ 20,000.00 |
| Margo & Jones | Check No. 27668 | 2/8/2021 | $ 8,000.00 |
| | | | $ 198,000.00 |
| | | | |
| Autowash Corp. | Check No. 34558 | 2/9/2021 | $ 59,854.73 |
| Autowash Corp. | Check No. 34536 | 2/8/2021 | $ 122,869.35 |
| | | | $ 182,724.08 |

5.       Four days later, on February 12, 2021, Autowash Corp.'s and Margo and Jones Inc.'s assets were sold. The net proceeds of the sale were $2.1 million.

6.       Soon thereafter, Plaintiff, by and through his attorney, Judge Randy Crane, asserted that Scott Crane overdrew from S. Crane's shareholder account and, therefore, she should forfeit her 50% interest in liquidated proceeds while also recording 50% of the proceeds as income.

7.       It wasn't until after the sale that Plaintiff, for the first time, asserted Defendants owed $3.5 million to Plaintiff. This debt is not reflected in Defendants' tax returns or tax returns' supporting financial statements created by Plaintiff. Nevertheless, Plaintiff's assertion began S. Crane's due diligence obligation to verify the existence of this debt and the accuracy of the amount.

8.       This angered and frustrated Plaintiff and his agents. For four months, S. Crane tried to obtain financial records from Plaintiff directly relating to Plaintiff's allegations and the Estate of Scott Crane, as he was the named bad actor in Plaintiff's allegations. Although Plaintiff provided some financial information, Plaintiff and his agents refused to disclose all relevant financial information. Specifically, Plaintiff and his agents refused to disclose how the $3.5 million in transactions were characterized on Defendants' tax returns and financial statements. Plaintiff is representing transactions (if they exist) as owner draws but a cursory look at tax returns tells a different story.

9.       Rather than respecting S. Crane as a 50% owner and her responsibility to perform due diligence on their claim, Plaintiff and his agents conspired to commit shareholder oppression. They retained Attorney Ron Hole to file this frivolous Suit on a

Sworn Account, then hired Ron Hole's former associates (Garza Martinez, LLP) to represent Defendants.

10.     Robert Crane, by and through his attorney of record, concedes:

> **Plaintiff was forced to file [a] *"friendly suit"* because Intervenor would not cooperate in the payment.[1]**

11.     It is S. Crane's understanding Garza Martinez, LLP ("Garza Martinez") was retained to represent Defendants but were not given financial information to analyze or given a point of contact to assist in their defense. Plaintiff's and his agents' used their unfettered control over Defendants to pursue an abuse of the judicial process.

12.     On July 14, 2021, Plaintiff's scheme to secure a judgment against Defendants without due process began by the filing of Original Petition (the "Petition") initiating this lawsuit against Defendants seeking a joint and several judgment in the amount of $3,557,180.16 based on allegations that his deceased son, Scott Crane, "obtained substantial dividends/draws from Defendants" and that his claims were subject to evidentiary Rule 185 of the Texas Rules of Civil Procedure ("Rule 185").

13.     Citations were never requested nor issued, and therefore, on information and belief, Defendants were never properly served.

14.     In spite of never being properly served, on September 1, 2021, Garza Martinez filed an unverified answer[2] on behalf of the Defendant corporations. Like all corporate actions, a corporation's ability to enter into contracts, including retaining counsel, is accomplished by the action of its officers and directors. In the instant case,

---

[1] *See* Page 2 of Plaintiff's Motion for Summary Judgment and/or for Dismissal Under Rule 12(b)(6); Document No. 6

[2] Although not required because of the factual and legal deficiencies in the Petition, out of an abundance of caution, the Answers should have been verified.

the Boards of Directors of Defendants are composed of Plaintiff Robert Crane, his wife Baudelia Crane, and S. Crane. S. Crane was never consulted with respect to hiring counsel to defend the Defendants. S. Crane, through undersigned counsel, was informed that S. Crane would not be able to direct Defendants' defense and that Garza Martinez was waiting to confirm with Plaintiff or his agents as to who would be the Defendants' point of contact and who would provide Garza Martinez authority to continue litigation.

15.     On September 14, 2021, Robert Crane filed a Motion for Summary Judgment under Rule 185 based on Garza Martinez' failure to file a verified answer on behalf of the Defendants.

16.     On November 22, 2021, an application for temporary restraining order and and or temporary injunction was filed on behalf of the Defendants. The seventh request made in the application requests the Court to order the following:

> **Plaintiff, Plaintiff's agents, or anyone who would indirectly benefit from the prosecution of Plaintiff's claims shall not prepare Defendants' financial statements, accountings, tax returns, and required filings.[3]**

17.     This Court is being intentionally mislead by the allegations set out in Plaintiff's Motion from Summary Judgment and/or For Dismissal Under Rule 12(b)(6) (Document No. 6) and Defendants' Notice of Removal (Document No. 1).

18.     There have been no pleadings filed by any party "seeking to prevent the preparation of Defendant's tax returns and their required filings with the I.R.S."[4]

19.     There have been no pleadings filed by any party seeking the violation of federal laws and regulations.

---

[3] *See* Page 7 of Exhibit A attached to Defendants' Notice of Removal
[4] *See* Paragraph 1 of Defendants' Notice of Removal

## II.   <u>ARGUMENTS AND AUTHORITY</u>

20.     The removing party bears the burden of proving by the preponderance of the evidence that federal jurisdiction exists and removal is proper.[5] To determine whether jurisdiction is present for removal, a Court is to consider claims filed in the State court proceeding at the time the Notice of Removal was filed.

21.     In the instant case, there is an absence of citizenship. Therefore, federal-question jurisdiction is required. The determination of where federal-question jurisdiction exists is governed by the "well-pleaded complaint rule", which requires the federal question be presented on the face of properly pleaded filings. <u>Gully v. First National Bank</u>, 299 U.S. 109, 112-113 (1936).

22.     Any doubts or ambiguities are to be "construed against removal because the removal states should be strictly construed in favor of remand." *Id.;* <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000)

23.     In the instant case, the Notice of Removal filed fails to prove federal jurisdiction exists and removal is proper. Namely, the Notice of Removal fails to state a claim which it basis its removal. Instead, the Notice of Removal relies entirely on the seventh injunctive request made in the Application for Temporary Restraining Order and Temporary Injunction:

> **Plaintiff, Plaintiff's agents, or anyone who would indirectly benefit from the prosecution of Plaintiff's claims shall not prepare Defendants' financial statements, accountings, tax returns, and required filings.[6]**

---

[5] *See* <u>Manguno v. Preductionl Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002); <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1408 (5th Cir. 1995).
[6] *See* Page 7 of Exhibit A attached to Defendants' Notice of Removal

24.     Chief United States District Judge Biery and Chief United States District Judge Hoyt have both found a request for injunctive relief is not a claim and renders the Notice of Removal fatally defective. Kingman Holdings v. Everbank, No. SA-17-CA-107-FB, 2014 U.S. Dist. Lexis 205541 (W.D. Tex. Mar. 31, 2014); Benjjani v. Wilmington Trust Co., No H-10-277, 2011 U.S. Dist. LEXIS 93580, 2011 WL 3667569, at *6 (S.D. Tex. Aug. 22, 2011) (citing Amoco Prod. Co. v. Vill. Of Gambell, 480 U.S. 531, 546 n12, 107 S.Ct. 1396, 94 L.Ed. 2d 542 (1987)).  In the instant case, there is a clear absence of a viable legal cause of action that invokes federal subject matter jurisdiction.

### III. REQUEST FOR ATTORNEY'S FEES

25.     The record before this Court provides no objectively reasonable basis for removal. Movant requests an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). An award of attorneys' fees is proper "where the removing party lacks an objectively reasonable basis for seeking removal." The Movant does not have to show bad faith or sanctionable conduct on party of the removing party.

### III.     PRAYER

26.     Defendants' Notice of Removal is fatally defective as it wholly relies on injunctive relief requested and not a viable legal cause of action. Defendants have failed to meet their burden of proof by a preponderance of the evidence. Therefore, removal was not proper and Movant requests this Court to grant the Motion to Remand and remand this cause of action back to State court which it originates.

27.    Movant further requests the Court award its attorneys' fees associated with the preparation and arguing the Motion to Remand in favor of the Movant, and for such and further relief deemed just and proper.

Respectfully Submitted,

/s/ Aissa I. Garza
Aissa I. Garza
Attorney-In-Charge
State Bar No. 24074257
Southern District of Texas Bar No. 1487528
AISSA I. GARZA, PLLC
2416 Buddy Owens Blvd.
McAllen, Texas 78504
Telephone: 956.585.0085
Facsimile: 956.627.6047
Email: aissa@aissalaw.com

/s/ Savannah Gonzalez
Hon. Savannah Gonzalez
State Bar No. 24071750
Southern District of Texas Bar No.2032767
Law Office of Savannah Gonzalez, PLLC
107 E. Samano Street
Edinburg, Texas 78539
Tel. 956-378-4060
Fax 956-378-4066
attorney@savannahgonzalez.com

ATTORNEYS FOR INTERVENORS

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022, a true copy of this Motion to Remand was emailed through the e-filing system to:

| | |
|---|---|
| Ronaldo Hole | mail@holealvarez.com |
| Cecilia Garza | cecilia@garzamartinezlaw.com |
| Veronica Sepulveda Martinez | veronica@garzamartinezlaw.com |

*/s/ Aissa I. Garza*
Aissa I. Garza