United States District Court
Southern District of Texas
**ENTERED**
May 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert H. Crane, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| Margo and Jones, Inc., Autowash Corp., RNS-Crane, L.L.P., CCN Services Corporation, and SCC Services Corporation, | § § § § § § § | Civil Action No. 7:21-cv-00490 |
| *Defendants.* | § § § | |
| Sasha Crane, derivatively on behalf of Margo and Jones, Inc., Autowash Corp., RNS-Crane, L.L.P., CCN Services Corporation, and SCC Services Corporation | § § § § § § § | |

## **MEMORANDUM AND RECOMMENDATION**

This case was referred to the undersigned judge after the parties filed numerous motions. First and foremost, Intervenor Sasha Crane ("Ms. Crane") moved to remand this suit, arguing that the Court lacks jurisdiction. Dkt. 12; *see also* Dkt. 18 (response). For the reasons that follow, it is recommended that the Court grant Ms. Crane's motion to remand, but deny her request for attorneys' fees and costs resulting from improper removal. Dkt. 12. It is further recommended that the Court deny all other pending motions as moot.

1

## Background

This suit involves a struggle over control of certain family-owned companies. Plaintiff Robert Crane ("Mr. Crane") and his son, Scott, were equal owners in several entities: Margo and Jones, Inc., Autowash Corp., RNS-Crane, L.L.P., CCN Services Corporation, and SCC Services Corporation ("Defendants"). Dkt. 12 ¶ 1. When Scott passed away, his 50% share was transferred to his widow, Ms. Crane. *Id.*

According to Ms. Crane, Mr. Crane persuaded her to sell the assets of Margo & Jones Inc. and Autowash Corp., assuring her that she would receive her share of both the sales proceeds and the funds in Defendants' bank accounts. *Id.* ¶ 3. But Ms. Crane maintains that unbeknownst to her, Mr. Crane subsequently withdrew $380,724.08 from two of those accounts. *Id.* ¶ 4.

After the asset sale occurred, Mr. Crane asserted that Ms. Crane owed him $3.5 million because her husband had overdrawn his account, thus requiring Ms. Crane to forfeit her interest in the sale proceeds. *Id.* ¶ 6. Mr. Crane then filed the underlying suit on a sworn account against Defendants. *Id.* ¶¶ 9-10. Ms. Crane intervened.

Ms. Crane further alleges that she was denied access to Defendants' financial information and not consulted about the counsel hired to represent Defendants in the underlying suit, despite her position on Defendants' Board of Directors. *Id.* ¶¶ 3, 8, 9, 12. She filed an application for temporary

2

restraining order and for temporary injunction, requesting, among other things, that Mr. Crane and his agents be enjoined from using funds in Defendants' accounts; altering, destroying, or hiding records from those accounts; changing Defendants' bylaws; and preparing Defendants' financial statements, accountings, tax returns, and required filings. Dkt. 1-1, Ex. A ¶ 7 (section addressing requested injunctive relief).

Defendants removed the case to this Court, asserting that Ms. Crane's requested relief impedes their ability to prepare and file their federal tax returns, thereby raising a federal question. Dkt. 1 ¶ 1. Ms. Crane moved to remand, Dkt. 12, which Mr. Crane and Defendants (collectively, "Removing Parties") opposed, Dkt. 18. The parties also filed a flurry of motions on merits and other issues. Dkt. 6 (Mr. Crane's motion to dismiss); Dkt. 15 (Defendants' motion for summary judgment); Dkt. 30 (Ms. Crane's motion to dismiss); Dkt. 31 (Ms. Crane's motion to intervene); Dkt. 35 (Mr. Crane's motion to dismiss the motion to intervene); Dkt. 36 (Defendants' motion to dismiss); Dkt. 38 (Ms. Crane's motion to dismiss cross-complaint).

## **Legal Standard**

Because the parties lack diversity of citizenship, the propriety of removal depends on whether federal question jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1441(a). The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed*

*Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). The parties invoking this Court's jurisdiction bear the burden to prove that a federal question exists. *See id.*

## Analysis

**I. Removing Parties failed to meet their burden to prove that federal jurisdiction exists.**

Ms. Crane's allegations do not assert a federal cause of action. *See* Dkt. 1-1, Ex. A ¶¶ 1-9. Under the well-pleaded complaint rule, "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation marks omitted). Moreover, federal defenses cannot establish federal question jurisdiction. *Id.* at 252.

Nonetheless, Removing Parties maintain that Ms. Crane's pleading invokes a federal question because the requested injunctive relief would impair Defendants' ability to file their federal tax returns. Removing Parties assert that her request for injunction implicates the Anti-Injunction Act, Declaratory Judgment Act, and provisions of the Internal Revenue Code. Alternatively, Removing Parties assert that Ms. Crane's claims are barred by field and conflict preemption or are so intertwined with federal questions that jurisdiction is proper. None of these contentions is persuasive.[1]

---

[1] Because Removing Parties failed to meet their burden to establish jurisdiction, the Court deems it unnecessary to address Ms. Crane's theory that requests for injunctive relief are *per se* insufficient to invoke this Court's jurisdiction. *See* Dkt. 12 at 6-7.

Ms. Crane's failure to address these issues is legally irrelevant. *See* Dkt. 18 at 7 (alleging that Ms. Crane "does not contest that her request for injunctive relief does raise significant federal issues" and is "completely prescribed by various federal statutes and regulations ...."). Hornbook law provides that "parties ... may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver." *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 786 (5th Cir. 2012) (internal quotation marks omitted). Indeed, "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte ...." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). As a matter of law, Removing Parties have not met their burden to establish federal jurisdiction.

### A. The cited federal statutes do not govern Ms. Crane's claims.

Removing Parties invoke numerous federal statutes that ostensibly establish federal jurisdiction. Dkt. 1 ¶ 1; Dkt. 18 at 8. These statutes have no bearing on whether federal question jurisdiction exists.

First, the Anti-Injunction Act is inapposite. By its terms, the Act precludes suits to "restrain[ ] the *assessment or collection* of any tax ...." 26 U.S.C. § 7421(a) (emphasis added). Tellingly, all the cases cited by Removing Parties involve suits to bar the federal government *itself* from taking actions to collect or assess taxes. *See* Dkt. 18 at 8-9. That is far removed from Ms. Crane's requested relief. Ms. Crane is not seeking to prevent any

5

governmental body from assessing or collecting a tax. She is asking the state court to prevent *Mr. Crane and his agents* from preparing Defendants' tax returns. Dkt. 1-1, Ex. A ¶ 7(g) (section explaining necessity of injunction). On its face, that requested relief does not prevent *Defendants* from preparing their required tax returns through someone else. *Id.*; *see also* Dkt. 25 at 5:15-19 (Ms. Crane's counsel making this point at the scheduling conference).

Moreover, whether the Anti-Injunction Act applies is, at most, a *defense* to Ms. Crane's requested relief. *See Hickey v. Duffy*, 827 F.2d 234, 239 (7th Cir. 1987) (recognizing this principle for analogous provision that bars federal courts from enjoining state-court proceedings). Such a defense cannot support removal. *See id.*; *see also Gutierrez*, 543 F.3d at 252 ("[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction.") (internal quotation marks omitted).

Second, Removing Parties' alternative reference to the Declaratory Judgment Act is puzzling. Nowhere does Ms. Crane's state-court filing request declaratory relief. In any event, Texas has its own analogue to the Declaratory Judgment Act. *See* Tex. Civ. Prac. & Rem. Code § 37.001, *et seq.* A hypothetical request for declaratory judgment would thus be governed by state—not federal—law.

Third, the laundry-listed provisions of the Internal Revenue Code are irrelevant to Ms. Crane's requested injunction. These statutes address

6

disputes between the *Internal Revenue Service* and taxpayers or other persons whose property was levied or assessed to satisfy tax obligations.[2] By their terms, the cited statutes have nothing to do with this suit between private parties. And, as already explained, Ms. Crane is not attempting to impede *Defendants* from fulfilling their obligation to file returns or pay their taxes, as the Internal Revenue Code requires. She seeks only to preclude *Plaintiff* from undertaking those tasks for Defendants.

**B.     Field preemption and conflict preemption cannot support removal.**

Although not explicitly addressed in the Notice of Removal, Removing Defendants now raise the doctrines of field preemption and conflict preemption as alternative grounds for federal question jurisdiction. Dkt. 18 at 10-12. Field preemption exists "where the scheme of federal regulation is so pervasive as to

---

[2] *See* 26 U.S.C. § 6015(e) (authorizing injunction on levy or proceeding against individual who elected to file certain joint tax returns and satisfied certain requirements); *id.* § 6212(a), (c) (imposing constraints on "the Secretary" when seeking a determination of additional tax deficiencies); *id.* § 6232(c) (limiting the IRS's ability to make assessments of certain underpayments and permitting taxpayers to seek an injunction for violations); *id.* § 6330(e)(1) (authorizing injunction to halt a levy or proceeding by the IRS until the taxpayer's hearing and any appeals are resolved); *id.* § 6672(c) (barring the IRS from seeking recovery of outstanding taxes until liability is resolved); *id.* § 6694(c) (authorizing injunction against the IRS to prevent collection against a tax-return preparer who has undertaken certain actions); *id.* § 7426(a), (b)(1) (authorizing suits against the "United States" by persons with an interest in or lien on property that was wrongfully levied); *id.* § 7429(b) (authorizing judicial review of final IRS administrative determinations); *id.* § 7436 (authorizing employer to seek determination of whether individuals performing services qualify as employees under the subtitle C of the Code).

7

make reasonable the inference that Congress left no room for the States to supplement it." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992) (internal quotation marks omitted). Conflict preemption occurs where "compliance with both federal and state regulations is a physical impossibility." *Id.* (internal quotation marks omitted). Even assuming that these preemption doctrines are implicated—they are not—they would not supply a basis for removal.

Removing Parties' preemption arguments constitute federal defenses that cannot support removal. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (calling this "settled law"); *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("[U]nder the well-pleaded complaint rule, a '*defense* that relies on ... the pre-emptive effect of a federal statute will not provide a basis for removal'") (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003)). "The presence of conflict-preemption does not establish federal question jurisdiction." *Giles v. NYLCase Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (internal citations omitted). Field preemption does not do so either. *See Woodard-Hall v. STP Nuclear Operating Co.*, 473 F. Supp. 3d 740, 745-46 (S.D. Tex. 2020) (field preemption is among the "forms of 'ordinary preemption' that serve only as defenses to a state-law claim and do not create removal jurisdiction").

Among preemption doctrines, only *complete* preemption can overcome the well-pleaded complaint rule. *See Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001) (emphasizing that "the Supreme Court has left no doubt that complete preemption is necessary for the artful pleading doctrine to apply"). Complete preemption is exceedingly rare. *Woodard-Hall*, 473 F. Supp. 3d at 747 (noting that the Supreme Court has found complete preemption in only three instances). Removing Parties do not claim, nor can they show, that complete preemption applies here. *See Gutierrez*, 543 F.3d at 252 (explaining that complete preemption requires a defendant to show "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable"); *Cantrell v. Briggs & Veselka Co.*, 2014 WL 6900846, at *1, 3 (S.D. Tex. Dec. 5, 2014) (rejecting contention that federal tax laws completely preempt enforcement of a contract that precluded issuing an IRS Form W-2 to plaintiffs).

Regardless, Removing Parties do not remotely satisfy their burden to show that field or conflict preemption applies. Their entire argument assumes that Ms. Crane asks to "enjoin[ ] the filing of tax returns." Dkt. 18 at 11-12. But the underlying pleading negates that assumption, making clear that Ms.

9

Crane seeks only to preclude Plaintiff's involvement with preparing Defendants' tax returns. Dkt. 1-1, Ex. A ¶ 7(g). Removing Parties' preemption theories do not support removal.

### C. Ms. Crane's claims do not hinge on substantial federal questions.

As their last theory, Removing Parties assert that Ms. Crane's request for injunctive relief "implicates significant federal issues." Dkt. 18 at 12-13 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). This jurisdictional theory applies only "where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Grable*, 545 U.S. at 314); *see also, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 382-83 (2016) (explaining that a state-law suit can raise a federal question if the "claim rises or falls on the plaintiff's ability to prove the violation of a federal duty").

Removing Parties just state, in conclusory terms, that the relief sought by Ms. Crane "will turn on the construction" of the same assortment of statutes already addressed above. Dkt. 18 at 12. As explained above, however, those

10

statutes are not relevant—much less essential—to Ms. Crane's requested relief. *See supra* Part I.A.

Contrary to Removing Parties' claims, *McKay v. City & County of San Francisco*, 2016 WL 7425927, at *1 (N.D. Cal. Dec. 23, 2016), is not analogous. The quoted passages reflect that the claims in *McKay* attacked an existing order from the Federal Aviation Administration. *See id.* No comparable federal order exists here. And again, Ms. Crane's request to prohibit Mr. Crane from preparing Defendants' tax returns neither impairs nor conflicts with Defendants' statutory obligation to pay their taxes. *See supra* Part I.A. Removing Parties have not met their burden to establish federal jurisdiction.

### D. There is no jurisdiction to resolve the merits of this suit.

Removing Parties also ask this Court to resolve their pending motions that address merits issues. Dkt. 18 at 14. Because the Court lacks jurisdiction, it "has no authority to consider the merits." *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996); *see also, e.g.*, *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 369 (1981) ("A court lacks discretion to consider the merits of a case over which is without jurisdiction ...."). The appropriate recourse is to deny all pending motions as moot and remand this suit to state court.

## II. Attorneys' fees and costs are unwarranted.

Ms. Crane seeks a discretionary award of attorneys' fees and costs for improvident removal. Dkt. 12 at 7; 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). This standard precludes a fee award.

Most notably, Ms. Crane herself seemed to accept and agree with some of the flawed premises underlying Removing Parties' contentions. *See, e.g.*, Dkt. 30 (asserting that "the Anti-Injunction Act" ... provides a "colorable question of subject matter jurisdiction"). Although her concessions cannot supply jurisdiction where none exists, *see Ballew*, 668 F.3d at 786, they nonetheless belie Ms. Crane's belief that the jurisdictional question was somewhat debatable.

In short, this is a typical case where a defendant took a chance by removing a case and failed to meet its burden. On this record, the Court cannot conclude that fee-shifting is warranted. It therefore recommends denying Ms. Crane's request for attorneys' fees and costs under 28 U.S.C. § 1447(c).

### Recommendation

It is therefore **RECOMMENDED** that the Court **GRANT** Intervenor Sasha Crane's motion to remand (Dkt. 12), **DENY** her request for attorneys' fees and costs (*id.*), and **DENY** all other pending motions as **MOOT** (Dkt. 6 (Plaintiff's motion to dismiss); Dkt. 15 (Defendants' motion for summary judgment); Dkt. 30 (Intervenor's motion to dismiss); Dkt. 31 (motion to intervene); Dkt. 35 (Plaintiff's motion to dismiss the motion to intervene); Dkt. 36 (Defendants' motion to dismiss); Dkt. 38 (Intervenor's motion to dismiss cross-complaint)). It is further **RECOMMENDED** that this suit be **REMANDED** to state court.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on May 2, 2022, at Houston, Texas.

*Yvonne Y. Ho*
Yvonne Y. Ho
United States Magistrate Judge